IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CR-238-AT-CCH |
| CHRISTOPHER BROWN | ) | |
| | ) | |

**MOTION FOR PRODUCTION OF NAME AND LOCATION OF CONFIDENTIAL INFORMANT**

COMES NOW the Defendant, CHRISTOPHER BROWN, by and through undersigned counsel, and files this motion for the production of the name and address and other identifying information of the confidential informant in this case. Furthermore, Defendant requests that he be given access to the confidential informant once his/her identity is made known.

(1)

Mr. Christopher Brown has been charged in a four count indictment with violating 21 U.S.C. §§ 841(a)(1)and 841(b)(1)(C), and 18 U.S.C. §§ 924(c)and 922(g).

(2)

Count One alleges that on or about April 07, 2011, Defendant distributed methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(c). Count Two alleges that on or about

April 14, 2011, Defendant possessed with an intent to distribute MDMA in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(c). Count Three alleges that on April 14, 2011, Defendant possessed a firearm in furtherance of a felony in violation of 18 U.S.C. § 924(c). Count Four alleges that on April 14, 2011, Defendant, a convicted felon, possessed a firearm in violation of 18 U.S.C. § 922(g)(1).

(3)

Defendant was arraigned on these charges on or about May 20, 2011, entering a plea of not guilty. His case was assigned to this Magistrate Judge for pretrial matters and to Judge Amy Totenberg for trial.

(4)

Under Roviaro v. United States, 353 U.S. 53 (1957), Defendant submits that this Court should order the Government to disclose the identity of the informant since such is "relevant and helpful to the defense" and essential to a fair trial. In short, the informant may have been a direct participant in the transactions upon which the charges set forth in Count One are founded.

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court observed that the government's privilege to withhold the identities of informants is limited. Describing the limits of the privilege, the Court stated:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or the contents of his communication is relevant

> and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

Id. at 60-61 (emphasis added).

In Roviaro, the issue of disclosure of the informant's identity arose in the context of the trial. The trial court committed reversible error by allowing the government to withhold the identity of its informant in the face of requests for disclosure from the defense. Id. at 65. The Roviaro informant had been the sole participant along with the defendant in the charged drug transaction. He was critically positioned to "amplify or contradict the testimony of government witnesses." Id. at 64.

What is clear from Roviaro, is that the issue of informant disclosure requires a balancing of the public's interest in the flow of information against the rights of the accused. Id. at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id.

As decided by Roviaro, if disclosure is relevant and helpful to the defense of an accused or the fair determination of a cause, the privilege must give way. The Eleventh Circuit has focused on (1) the extent of the informant's participation in the

criminal activity, (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, (3) and the government's interest in non-disclosure. United States v. Gutierrez, 931 F.2d 1482, 1491 (11th Cir. 1991) and United States v. Tenorio-Angel, 756 F.2d 1505, 1509 (11th Cir. 1985).

(5)

In this case, disclosure of the informant's identity and location is important to Defendant's possible defense at trial. A defendant need not reveal his defense to the government in order to make his request for access to an informant. Counsel for Defendant is willing to follow the accepted and customary method of making an in camera showing to the Court as to why the Defendant has a need for access to the informant in this case, if necessary. Defendant also requests that the Court conduct an appropriate review of the government's claimed interest in the non-disclosure of this informant's identity to properly weight the competing interests.

/ / /

/ / /

/ / /

(6)

For the reasons set forth herein, Mr. Brown comes now and moves this Court to compel the government to disclose to the defense the name and location of the informant and to grant Defendant access to the informant.

Dated: This 01st day of June, 2011.

Respectfully submitted,

s/ Stephen Patrick Johnson
STEPHEN PATRICK JOHNSON
GEORGIA STATE BAR NO. 940596
ATTORNEY FOR CHRISTOPHER BROWN

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530/(404) 688-7530 fax
Stephen_Johnson@fd.org

CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing, Motion for Production of Name and Location of Confidential Informant, which is prepared in compliance with LR 5.1B, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record upon:

L. Skye Davis, Esq.
Assistant United States Attorney
600 Richard B. Russell Building
75 Spring Street
Atlanta, Georgia 30303

Dated: This 01st day of June, 2011.

s/ *Stephen Patrick Johnson*
STEPHEN PATRICK JOHNSON