IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CR-238-AT-CCH |
| CHRISTOPHER BROWN | ) | |
| | ) | |

PRELIMINARY MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO THE SEARCH WARRANT EXECUTED UPON 2386 GARNETT AVENUE, RIVERDALE, GEORGIA

COMES NOW the Defendant, CHRISTOPHER BROWN, by and through undersigned counsel, and moves this Court to suppress all evidence seized pursuant to a search warrant on or about April 14, 2011 and executed upon the residence on 2386 Garnett Avenue, Riverdale, Georgia. In support of this Motion, Defendant offers the following:

(1)

Mr. Christopher Brown has been charged in a four count indictment with violating 21 U.S.C. §§ 841(a)(1)and 841(b)(1)(C), and 18 U.S.C. §§ 924(c)and 922(g).

(2)

Count One alleges that on or about April 07, 2011, Defendant distributed methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in

violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(c). Count Two alleges that on or about April 14, 2011, Defendant possessed with an intent to distribute MDMA in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(c). Count Three alleges that on April 14, 2011, Defendant possessed a firearm in furtherance of a felony in violation of 18 U.S.C. § 924(c). Count Four alleges that on April 14, 2011, Defendant, a convicted felon, possessed a firearm in violation of 18 U.S.C. § 922(g)(1).

(3)

Defendant was arraigned on these charges on or about May 20, 2011, entering a plea of not guilty. His case was assigned to this Magistrate Judge for pretrial matters and to Judge Amy Totenberg for trial.

(4)

From the discovery provided thus far, it appears that the government's case has as its foundation evidence seized from a residence located at 2386 Garnett Avenue, Riverdale, Georgia. This evidence was discovered and seized pursuant to a search executed on April 14, 2011. That search was conducted pursuant to search warrant issued on or about the same day. The results of the execution of that search warrant led to the discovery of evidence, which forms Counts Two through Four of the above indictment. Thus, a review of the constitutionality of the search warrant itself, along with the admissibility of any physical evidence obtained as a result is critical.

(5)

A search warrant is only legally valid if the affidavit supporting the application sufficiently shows that there is probable cause to believe that a crime is being committed, and that evidence of such crime could be found at a specific location. Illinois v. Gates, 462 U.S. 213 (1983). Upon request, a criminal defendant is afforded the opportunity to challenge the sufficiency of the affidavit, as well as the form of the search warrant itself, and the means and manner of the execution of the search warrant.

(6)

WHEREFORE, Mr. Brown respectfully requests three weeks from the Pretrial Conference in which to review and file an amended motion to suppress evidence, challenging in detail the validity and sufficiency of the search warrant used in this case.

Dated: This 01st day of June, 2011.

Respectfully Submitted,

*s/ Stephen P. Johnson*
STEPHEN P. JOHNSON
Georgia State Bar No. 940596
Attorney for CHRISTOPHER BROWN

Federal Defender Program, Inc.
Suite 1500, The Centennial Building
101 Marietta Street, NW
Atlanta, GA 30303
404-688-7530
Stephen_P_Johnson@fd.org

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Preliminary Motion to Suppress Evidence is formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

L. Skye Davis.
Assistant United States Attorney
Suite 600, Richard B. Russell Building
75 Spring Street, S. W.
Atlanta, Georgia 30303

Dated: This 01st day of June, 2011.

s/ *Stephen P. Johnson*
Stephen P. Johnson, Esq.