RECEIVED
2012 FEB 22 P 2:46
U.S. MARSHALS SERVICE
NORTHERN GEORGIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**

**Case No. 1:11-CR-238-1-SJ**

**CHRISTOPHER BROWN**
62720-019

**Defendant's Attorney:**
**Stephen Patrick Johnson**

# JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

Accordingly, the defendant is adjudged guilty of such count which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18:922(g)(1) U.S.C. | Convicted Felon in Possession of Firearms. | 4 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1, 2, and 3 are dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. Not assigned
Defendant's Date of Birth: 1972
Defendant's Mailing Address:
College Park, Georgia

Date of Imposition of Sentence: January 10, 2012

Signed this the 10th day of January, 2012.

STERLING JOHNSON
UNITED STATES DISTRICT JUDGE

1:11-CR-238-1-SJ : CHRISTOPHER BROWN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SEVENTY (70) MONTHS.**

The defendant is remanded to the custody of the United States Marshal.

The Court recommends that the defendant be placed in the institution in Jesup, Georgia.

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 23 2012

JAMES N. HATTEN, Clerk
By: Deputy Clerk

## RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

______________________________

Defendant delivered on 2/16/12 to CCA

at Macon, with a certified copy of this judgment.

~~UNITED STATES MARSHAL~~
MCW Bus Lt.

By:______________________________
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released..**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.